# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-0242 |
| | (Judge Brann) |
| v. | |
| LEONARD MAURICE LEWIS, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 15, 2018

## I.  BACKGROUND

Defendant Leonard Maurice Lewis, hereinafter "Lewis," was initially indicted on August 9, 2017.  Subsequently, a superseding indictment was filed on April 11, 2018, which charged Lewis with Count 1: Distribution of Marijuana; Count 2:  Attempted Sexual Exploitation of a Child; Count 3: Attempted Coercion and Enticement of Minor to Engage in Sexual Activity; Count 4: Attempted Coercion and Enticement of Minor to Engage in Sexual Activity; and Count 5: Production and Distribution of Obscene Visual Representations of the Sexual Abuse of Children.

On March 23, 2018, Lewis filed a Motion to Dismiss Counts Two, Three, and Four.[1]  The Government responded by filing the superseding indictment.[2]

---

[1]  ECF No. 45.

Lewis argues that the superseding indictment remains insufficient and should be dismissed. The Court respectfully disagrees, and for the reasons that follow, the motion will be denied.

## II. DISCUSSION

"Rule 12(b)(3)(B) permits a criminal defendant to move for the pre-trial dismissal of an indictment as defective if it, *inter alia*, lacks specificity or fails to state an offense."[3] "Federal Rule of Criminal Procedure 7(c) outlines the statutory requirements for a grand jury indictment:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."[4]

Lewis sets forth two distinct bases to dismiss the indictment. First, he asserts that Counts Three and Four fail to state an essential element of the offense

---

[2] ECF No. 53.

[3] *United States v. Totoro*, No. CR 15-291, 2017 WL 3189216, at *2 (E.D. Pa. July 27, 2017) *citing* Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).

[4] *Id. citing* Fed. R. Crim. P. 7(c).

charged. Second, he argues that there was no 'substantial step' to constitute 'attempt' as alleged in Counts Two, Three and Four.

Before I address Lewis's arguments, an overview of the three crimes, both as initially charged, and as amended by the superseding indictment, is necessary to lay the groundwork for resolution of the motion.

    **A.    The Counts as charged in the indictment and superseding indictment**

        **1.    Count Two:**

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Count Two was not modified by the superseding indictment. Count 2 in both the original and superseding indictments reads:

### COUNT 2

### (Attempted Sexual Exploitation of a Child)

On or about March 29, 2017, in Northumberland County, within the Middle District of Pennsylvania and elsewhere, the defendant,

**LEONARD MAURICE LEWIS**,

did attempt to employ, use, persuade, induce, entice, and coerce, John Doe, a minor male, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported in interstate or foreign commerce, and that such visual depiction was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(a) and (e). [5]

---

[5] ECF No. 1 at 2 and ECF No. 53 at 2. There is a minor mistake in the superseding indictment, on the level of a typographical error. In the superseding indictment, the heading for Count 2 is missing. All counsel are aware of the issue. Government counsel will move to correct it.

The charged statute, 18 U.S.C. § 2251 reads, in relevant part:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

(e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this

section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

**2.   Count Three:**

In the indictment, Count Three originally charged:

## COUNT 3

### (Attempted Coercion and Enticement of Minor to Engage in Sexual Activity)

On or about March 29, 2017, in Northumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### LEONARD MAURICE LEWIS,

did attempt to use facilities and means of interstate and foreign commerce, namely, the internet and a computer device, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely, sexual exploitation of children.

All in violation of Title 18, United States Code, Section 2422(b). [6]

---

[6] ECF No. 1 at 2-3.

In the superseding indictment Count Three was amended to read:

### COUNT 3

#### (Attempted Coercion and Enticement of Minor to Engage in Sexual Activity)

On or about March 29, 2017, in Northumberland County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

LEONARD MAURICE LEWIS,

did attempt to use facilities and means of interstate and foreign commerce, namely, the internet and a computer device, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, namely, Sexual Abuse of Children, in violation of Pennsylvania Consolidated Statute, Title 18 Section 6312(b), and Sexual Exploitation of Children, in violation of Title 18, United States Code, Sections 2251(a) and (e).

All in violation of Title 18, United States Code, Section 2422(b).[7]

---

[7] ECF No. 53 at 2-3.

### 3. Count Four:

In the original indictment, Count Four charged:

COUNT 4

(Attempted Coercion and Enticement of
Minor to Engage in Sexual Activity)

On or about July 14, 2017, in Dauphin County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

LEONARD MAURICE LEWIS,

did attempt to use facilities and means of interstate and foreign commerce, namely, the internet and a computer device, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, namely, sexual exploitation of children.

All in violation of Title 18, United States Code, Section 2422(b).[8]

---

[8] ECF No. 1 at 3-4.

In the superseding indictment, Count Four was amended to read:

## COUNT 4

### (Attempted Coercion and Enticement of Minor to Engage in Sexual Activity)

On or about July 14, 2017 through on or about July 17, 2017, in Dauphin County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### LEONARD MAURICE LEWIS,

did attempt to use facilities and means of interstate and foreign commerce, namely, the internet and a computer device, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, namely, Sexual Exploitation of Children, in violation of Title 18, United States Code, Sections 2251(a) and (e).

All in violation of Title 18, United States Code, Section 2422(b). [9]

Section 2242(b) states "whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or

---

[9] ECF No. 53 at 3-4.

any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life."

**B. Analysis**

    **1.    Should Counts Three and Four be dismissed for failure to state an essential element of the offense?**

Title 18 of the United States Code, Section 2422(b), Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, the crime charged in Counts Three and Four, requires as an element of it, that another crime be alleged. Lewis argues that because the Government did not specify the predicate criminal offense Lewis could be charged with, Counts Three and Four are insufficient. The Government has conceded this point, and has filed a superseding indictment in which it specified as to Count Three, two predicate crimes for which Lewis could be charged -- both the Sexual Abuse of Children, pursuant to 18 Pa. C.S.A. § 6312(b) and the Sexual Exploitation of Children, pursuant to 18 U.S.C. § 2251(a) and (e) (the charged offense in Count 2); and amended Count Four to state that Lewis could be charged for Sexual Exploitation of Children, pursuant to 18 U.S.C. § 2251(a) and (e) (again the charged offense in Count 2).

"Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt."[10] "An indictment is facially sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution"[11] "No greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy."[12]

To determine the elements of Attempted Coercion and Enticement of a Minor to Engage in Sexual Activity, I looked to model jury instructions. As it happens, the United States Court of Appeals for the Third Circuit does not have model or pattern jury instructions for use at trial as to the elements of 18 U.S.C. § 2422(b). Instead, I turned to the United States Court of Appeals for the Eighth Circuit, a circuit with a robust stock of model jury instructions. The Eighth Circuit jury instructions clearly set forth the elements of this crime, as follows:

---

[10] *United States v. O'Brien*, 560 U.S. 218, 224 (2010) *citing Hamling v. United States*, 418 U.S. 87, 117 (1974); and see *Jones v. United St*ates, 526 U.S. 227, 232 (1999).

[11] *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007).

[12] *Id.* (internal citation and quotation omitted).

## 6.18.2422B Persuading or Coercing a Minor to Engage in Sexual Activity (18 U.S.C. § 2422(b))

The crime of [using the mail] [using any facility or means of [interstate] [foreign] commerce] to [persuade] [induce] [entice] [coerce] anyone under eighteen (18) years of age to engage in [prostitution] [(any sexual activity for which any person can be charged with a criminal offense)] as charged in [Count of] the Indictment has [] three elements, which are:

One, the defendant knowingly used [the mail] [a computer] (describe other interstate facility as alleged in the Indictment) to [attempt to] [persuade] [induce] [entice] [coerce] an individual under the age of eighteen (18) years of age to engage in [prostitution] [(describe sexual activity charged in Indictment)]; and

Two, the defendant believed that such individual was less than eighteen (18) years of age; [and]

[Three, that [if the sexual activity had occurred] [based upon the sexual activity that occurred], the defendant could have been charged with a criminal offense under the laws of [the United States] (identify the state)].

[Insert paragraph describing [government's] [prosecution's] burden of proof; see Instruction 3.09, supra.]

It is not necessary for the [government] [prosecution] to prove that the individual was, in fact, less than eighteen (18) years of age; but it is necessary for the [government] [prosecution] to prove the defendant believed such individual to be under that age.

[It is not necessary for the [government] [prosecution] to prove that the individual was actually [persuaded] [induced] [enticed] [coerced] to engage in [prostitution] [(describe sexual activity charged in Indictment)]; but it is necessary for the [government] [prosecution] to prove that the defendant intended to engage in [prostitution] [(some form of unlawful sexual activity)] with the individual and knowingly and willfully took some action that was a substantial step toward

bringing about or engaging in [prostitution] [(describe sexual activity charged in Indictment)].]

[Set out elements of applicable federal or state law) [is] [are] [a crime] [crimes] under the laws of [the United States] [the State of (identify the state)].[13]

Here, Lewis argues that the Government may not rely on a federal crime to state the predicate 'criminal offense;' instead, it must set forth a state crime. I respectfully disagree. The final paragraph of the Eighth Circuit's model jury instruction, which immediately precedes the one set forth above, makes it clear that the predicate 'criminal offense' element of 18 U.S.C. § 2422(b) may be a federal crime.[14]

Accordingly, I find the superseding indictment adequately states the elements of the crime charged in Counts Three and Four.

I will next turn to Lewis's second argument — whether or not 'attempt' was sufficiently alleged.

> **2. Was there a 'substantial step' toward the commission of the offenses charged in Counts Two, Three and Four?**
>
> **a. Counts Three and Four - precedential definition of substantial step as it pertains to Section 2422(b)**

---

[13] Model Crim. Jury Instr. 8th Cir. 6.18.2422B (2014), Model Crim. Jury Instr. 8th Cir. 6.18.2422B (2014)

[14] Lewis makes a second argument about the state crime alleged in the superseding indictment. I need not address that argument, as I've found the superseding indictment sufficient based on the federal crime alleged.

An attempt's 'substantial step,' as defined in 18 U.S.C. § 2422(b), has been examined by our Court of Appeals extensively. In the matter of *United States v Tykarsky*[15], Judge Ruggero Aldisert, in affirming a conviction pursuant to Section 2422(b), explained that "a person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he ... purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." "Thus, an attempt conviction requires evidence that a defendant (1) acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as he believes them to be, constitutes a substantial step in the commission of the crime."[16]

Specifically, in *Tykarsky*, the Third Circuit explained that the following facts were sufficient to support an "attempt" conviction for a defendant who thought he was sending online messages to, and driving to meet, a purported fourteen-year old girl at a hotel. The recipient of the messages was instead, an undercover FBI agent.

> The evidence in this case satisfies both elements. The instant messages and the statements that Tykarsky made to FBI agents upon

---

[15] 446 F.3d 458 (3d Cir. 2006) (internal citations and quotations omitted).
[16] *Id* at 469.

his arrest establish Tykarsky's subjective intent, and his appearance at the Holiday Inn according to the plan established over the instant messages provides the requisite "measure of objective evidence" corroborating his intent. *See Everett*, 700 F.2d at 908 (holding that "some measure of objective evidence corroborating" the criminal intent is necessary for an attempt conviction). The instant messages also provide sufficient evidence that he took substantial steps towards "persuading, inducing, enticing or coercing" a minor to engage in sexual activity. Accordingly, we will affirm his conviction under § 2422(b).[17]

Three years later, Judge Kent A. Jordan, writing for the Third Circuit in *United States v. Nestor*,[18] stated "we have explained that a defendant attempts to commit a crime when he demonstrates his intent to commit the crime and takes a substantial step toward doing so."[19] Defendant Nestor was convicted after a jury trial under Section 2422(b) after sending messages to an undercover FBI agent, believing that it was a non-law-enforcement adult man who was willing to sell his minor step-son for sexual purposes. The facts Judge Jordan found to be sufficient to find guilt for attempt were set forth, as follows:

> In this case, Nestor evinced his intent to violate § 2422(b) in his e-mails and phone conversations. We will not burden readers with the details of Nestor's interactions with Officer Jones and Agent Lauster in their role as stepfather to the young victim Nestor sought, but it is abundantly clear from the record that Nestor was determined to meet and have sex with a child. The question then becomes whether Nestor took a substantial step toward that end, using means of interstate commerce. The answer again is clear. He posted an advertisement on

---

[17] *Id.*

[18] 574 F.3d 159 (2009).

[19] *Id.* at 161.

Craigslist seeking sexual contact with children. He interacted repeatedly with a man who responded to his ad and, by e-mail and telephone, discussed having sexual contact with children. He arranged a rendezvous for the sexual encounter and discussed ways to avoid police detection. Individually, each of these actions could constitute a substantial step toward the violation of § 2422(b); when examined together, there is no question that Nestor used means of interstate commerce, namely the internet and telephone services, to take a substantial step towards persuading, inducing, enticing, or coercing a child to engage in sexual activity.[20]

### b. Count Two - precedential definition of substantial step as it pertains to Section 2251(a).

The definition both of 'attempt' and 'substantial step' under Section 2251(a) and (e) is the same as that of Section 2422(b). In the matter of *United States v. Pavulak*,[21] Chief Judge D. Brooks Smith, affirmed the conviction of Defendant Pavulak who, among other crimes, was convicted under 2251(a) and (e). Chief Judge Smith found the following evidence of Defendant Pavulak's contacts with the mother of a two-year old, to be sufficient as a 'substantial step' under 2251(a) and (e), explaining:

> Here, Pavulak repeatedly insisted that Duran display Jane Doe's vagina via a live webcam feed during their January 18, 2009 chat session. See JA530a–31a (telling Duran to "take ur panties off hon and show me ur pussy," stating "no now ... and [Jane Doe's] too " when Duran initially declined, and again demanding "now [Jane Doe's]" after Duran gave in to his request to see her vagina (emphasis added)). Duran declined to expose Jane Doe's vagina because she was wearing a diaper but offered to display Jane Doe naked the next morning. Pavulak agreed, typing "ok." That evidence was enough to

---

[20] *Id.*

[21] 700 F.3d 651 (2012).

constitute a substantial step towards "coercing" Jane Doe to "engage in any sexually explicit conduct ... for the purpose of transmitting a live visual depiction of such conduct." 18 U.S.C. § 2251(a); see, e.g., United States v. Lee, 603 F.3d 904, 918 (11th Cir.2010) (upholding a guilty verdict for attempted production of child pornography where the evidence showed that the defendant "repeatedly ... request[ed] sexually explicit photographs and [sent] a photograph of his own").[22]

### c. The Government's proffered allegations of fact

In the matter at hand, the Government has proffered the following alleged facts that set forth one or more 'substantial steps.'

- On April 26, 2017, Defendant Lewis sent a United States Postal Service Priority Mail parcel to a minor male that contained a marijuana brownie, a ring, underwear, a note, and various other items. The package was sent interstate from New York, New York to Milton, Pennsylvania.

- Defendant Lewis sent numerous text messages to the same minor male, that included sexually graphic statements, such as

    o "remember, you chose me at 2… then, "I have an ass with a hole in it., you can fuck me if you want" at twelve. Remember that son? Of course you do. Well, your soon to be adopted Dad is going to soon take you up on your offer, you gorgeous stud of a man."

    o "daddy will give you a spanking and you will beg for more."

---

[22] *Id.* at 670.

- o "u need daddy to send u money fr emojis son? It will cost u…a some sperm samples in the mail for daddy to digest."

- o "[D]addy is getting into trouble. perhaps my baby boy/son needs to discipline his daddy's studbutt,"

- o "send a pix of yr puss stud,"

- o "yes since you were 12 and you offered yourself to me and I would have done it but you were too young them (sic) you are legal now."

- o "I am in love with you since you chose me at 2 not sexually then…"

- o "ass dick your beautiful hairy pits son."

- o He then made additional requests for photographs of the juvenile, to include, "full frontal nude cock and ass pic" and an "asshole pic as well."

- Defendant Lewis also sent pornographic videos and images. In some of the images, Defendant Lewis superimposed his own face and the face of the minor male over the actual pornographic actors. In other images, Defendant Lewis sent nude pictures of himself.

- Finally, and perhaps most significantly, Defendant Lewis provided information to the juvenile on how to travel via bus to New York City to visit Lewis at his residence and suggested they would engage in sexual activity together, including, but not limited to, Lewis inserting objects in the

minor's anus to, in Lewis's words, "train" him. Lewis also explained through text that he planned to take nude pictures of the juvenile when the juvenile travelled to New York to visit Lewis.

In sum, I find that the Government has provided a sufficient factual allegation that Defendant Lewis "took substantial steps calculated to put him into direct contact with a child so that he could carry out his clear intent to persuade, induce, entice, or coerce the child to engage in sexual activity."[23] The issue, now, is left for a jury to decide at trial.

## III. CONCLUSION

For the foregoing reasons, Lewis' Motion to Dismiss the indictment is denied. I find that the Government's pleading is sufficient to ensure that legally deficient charges are not submitted to a jury.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[23] *Id.* at 162.